**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YA-SIR KYREEM UMAR, | Case No.: 2:25-cv-01437-MMD-NJK |
| Plaintiff, | **Order Providing Status Update, Denying Motions, Striking Fugitive Summonses** |
| v. | (Docket Nos. 4, 6, 7, 8, 9) |
| J. BEAN, et al., | |
| Defendants. | |

On August 5, 2025, *pro se* plaintiff Ya-sir Umar, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. Docket Nos. 1, 1-1. This Court denied Plaintiff's *in forma pauperis* application because it was incomplete and gave him until October 10 to either pay the full $405 filing fee or file a new complete *in forma pauperis* application. Docket No. 3. Before that deadline expired, Plaintiff moved to extend it by 90 days and then timely paid the full $405 filing fee. Docket Nos. 4, 5. Plaintiff also filed motions for notice and service, a status check, and default judgment. Docket Nos. 6, 8, 9. The Clerk of Court issued summonses for two defendants. Docket No. 7.

Plaintiff's motion to extend the filing-fee deadline is moot because he timely paid the filing fee. The Court clarifies that, since Plaintiff filed a signed complaint and paid the full filing fee for this action, the next step in this lawsuit is for the Court to enter an order screening his complaint under 28 U.S.C. § 1915A. *See* Docket No. 2 at 1 (informing Plaintiff that the court will review his "complaint before docketing and service of defendants"). As discussed below, Plaintiff's motions for notice and service and default judgment are premature. The summonses are also premature and were issued in error.

Default can be entered against a party who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(a). Default judgment can be entered against a party that has been defaulted if certain other requirements are met. *See id.* at 55(b). But this action is still in the screening stage and no defendant has been served with process under Federal Rule of Civil

Procedure 4, which means no defendant is currently required to defend against this action or respond to Plaintiff's motions. No defendant may be served under Rule 4 until the Court orders that to happen.

As Plaintiff was told when he filed this lawsuit, "the Court will order service upon defendants when it is time to do so." Docket No. 2 at 3. The Court will issue an order screening Plaintiff's civil-rights complaint in the ordinary course and it will order issue a scheduling order and a discovery plan when it is time to do so. *See* General Order No. 2021-05 at 5–6; *see also* Docket No. 2 at 3 (explaining to Plaintiff that "the parties may not file evidence with the Court until the course of litigation brings the evidence into question").

Plaintiff is cautioned that filing motions about matters that are not pending before the Court—like motions for default or default judgment—will not increase the speed with which the Court is able to proceed in this case. The Court has a heavy docket. Filing motions seeking relief about matters that are not ripe is an abusive litigation practice that strains the Court's resources and generally delays a decision in the case. The Court is sensitive to Plaintiff's pro se status, but that status is not a license to abuse the litigation process and ignore the rules and orders of this Court. Plaintiff is cautioned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Since pro se status does not permit litigants to harass others or needlessly clutter already full court dockets, district courts have the inherent power to control their dockets - including striking documents, awarding monetary sanctions, dismissing actions, and filing "restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *accord Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (reiterating that district courts' inherent power to control their dockets "includes the power to strike items from the docket as a sanction for litigation conduct" and goes "as far as to dismiss entire actions to rein in abusive conduct").

. . . .

. . . .

Accordingly, for the reasons stated above,

IT IS ORDERED that the motion to extend time, Docket No. 4, is **DENIED** as moot.

IT IS FURTHER ORDERED that the motions for notice and service and default judgment, Docket Nos. 6, 9, are **DENIED** as premature.

IT IS FURTHER ORDERED that the motion for a status check, Docket No. 8, is **GRANTED** in narrow part as clarified in this order, and it is denied in all other respects.

IT IS FURTHER ORDERED that the summonses, Docket No. 7, are struck because they are premature and were issued in error.

The Clerk of the Court is **INSTRUCTED** to resend Plaintiff Ya-sir Umar the advisory letter (Docket No. 2) and send him a courtesy copy of General Order No. 2021-05.

IT IS SO ORDERED.

DATED: February 10, 2026

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3